IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| YES PERIOD, LLC D/B/A SERENITY SOFTWARE, | § | |
| Plaintiff, | § | |
| v. | § | 1:23-CV-616-RP |
| LOTTERY.COM, INC., *d/b/a* SPORTS.COM, INC., *d/b/a* AUTOLOTTO, INC., | § | |
| Defendant. | § | |

**Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss Action for Lack of Subject-Matter Jurisdiction**

Defendant Lottery.com replies to Plaintiff's Response (Dkt. 15) to *Defendant's Motion to Dismiss Action for Lack of Subject-Matter Jurisdiction* (Dkt. 13).

1. Plaintiff's Response reveals that Plaintiff does not understand how to determine and adequately plead citizenship to establish diversity jurisdiction. Plaintiff's failure to make sufficient jurisdictional averments in *Plaintiff's Original Complaint* (Dkt. 1) is fatal and requires dismissal of this Case.

Standard of Review

2. Plaintiff bears the burden of establishing federal jurisdiction and must rebut the presumption against subject matter jurisdiction. *Hammond v. United States*, 2016 U.S. Dist. LEXIS 187598, at *3-4 (W.D. Tex. March 18, 2016) (Pitman, J.).

3. *Plaintiff's Original Complaint* (Dkt. 1) contains the following allegations relating to jurisdiction:

- "Plaintiff, Yes Period, LLC d/b/a Serenity Software is a foreign corporation with its principal place of business in Middletown, Pennsylvania." p. 1, ¶ 1.

- "Defendant, LOTTERY.COM, INC. d/b/a SPORTS.COM d/b/a is incorporated under the laws of Delaware with principal executive offices located in Spicewood, Texas." p.1, ¶ 2.
- "Plaintiff's principal place of business is in Pennsylvania, and Defendant's principle [*sic*] place of business is Texas." p. 2, ¶ 3.
- "Yes Period, LLC d/b/a Serenity Software has been owned and operated by Ryan J. Peterson since September 14, 2006, is located in Middletown, Pennsylvania." p. 2, ¶ 6.

4. The following statements from Plaintiff's Response (Dkt. 15) – which Plaintiff claims are in *Plaintiff's Original Complaint* (Dkt. 1) – are **not** contained in *Plaintiff's Original Complaint*:

- "as stated in the Complaint Plaintiff is a citizen of Pennsylvania based on the citizenship of the sole member Ryan Peterson." Plaintiff's Response (Dkt. 15), at p. 2, ¶ 6;
- "Plaintiff has pled there is not a chain of ownership or organizational layers. Instead, Plaintiff is solely operated by its lone member and owner Ryan Peterson. Plaintiff gave notice to Defendant that Ryan Peterson's citizenship is in Pennsylvania and therefore there is complete diversity." *Id.*, at p. 3, ¶11; and
- "The Complaint clearly states that Ryan Peterson is the sole owner, member, and operator and that his citizenship is in Pennsylvania." *Id.*, at p. 5, ¶17.

<u>Plaintiff's failure to adequately plead Corporate citizenship</u>

5. If Plaintiff is "a foreign corporation" – as alleged in paragraph one of the Complaint, the Complaint fails to establish diversity jurisdiction for its failure to allege a State of incorporation. *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019):

> The rules regarding non-natural persons are equally unforgiving. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Accordingly, "allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation."

<u>Plaintiff's failure to adequately plead LLC citizenship</u>

6. If Plaintiff is a limited liability company (which the designation LLC normally indicates – except here where we have a more specific allegation identifying the Plaintiff as a "foreign incorporation"), *Plaintiff's Original Complaint* (Dkt. 1), then Plaintiff needed to allege the citizenship of its **members**. *Bank of America, N.A. v. Fulcrum Enterprises*, LLC, 608 Fed. Appx. 284, 284-85 (5th Cir. 2015) (Emphasis added) ("The citizenship of a limited liability company 'is

determined by the citizenship of all of its **members**."").

7. The word **member** or **membership** does **not** appear in *Plaintiff's Original Complaint* (Dkt. 1). LLC membership is the sine qua non of pleading the citizenship of an LLC. *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) ("because MidCap is an LLC, the pleadings needed to identify MidCap's members and allege their citizenship."); *DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 560 (S.D.N.Y. 2018) ("[T]his Court cannot determine the citizenship of [defendant LLC] because the Complaint does not set forth the citizenship of [its] members.").

8. "Ownership" does not equate to LLC membership, since one can have an ownership interest in a limited liability company without being a member. *See Taylor v. Nationstar Mortg., LLC*, 2016 U.S. Dist. LEXIS 159552, at *6 (N.D. Ga. July 29, 2016), report and recommendation adopted in part, rejected in part, 2016 U.S. Dist. LEXIS 159553 (N.D. Ga. Aug. 22, 2016); "Operation" does not equate to LLC membership. *Ferrara v. Munro*, 2016 U.S. Dist. LEXIS 161703, at *9 (D. Conn. Nov. 22, 2016) ("Plaintiffs have alleged that Munro is the 'owner, operator, and alter ego' of… LLC. If that means that Munro is the sole member of that limited liability company, Plaintiffs must specify that fact. Absent such an assertion, Plaintiffs must specify the names and citizenship of each member of Tripping Gnome Farm, LLC."). "Operating" an LLC is a useless term for ascertaining LLC membership, since members and managers of LLC's can delegate operational duties. *See, e.g.* 15 Pa.C.S. §8815 (Commentary Subsection(d)(2)); N.C. Gen. Stat. § 57D-3-22; *See generally*, Lila L. Inman, *Personal Enough for Protection: The Fifth Amendment and Single-Member LLCs*, 58 Wm. & Mary L. Rev. 1067, 1070 n.7 (2017) (Noting that members may delegate business activities and management decisions of the LLC).

9. Plaintiff's failure to provide "the necessary details of the citizenship of [Plaintiff's]

members" is "fatal" to the Court's exercise of jurisdiction. *Charter Servs. v. DL Air, LLC*, 2009 U.S. Dist. LEXIS 17702, at *5-6 (S.D. Ala. Mar. 5, 2009). Because Plaintiff's insufficient allegations of citizenship are fatal, the Court must dismiss this Case. *Helena Chem. Co. v. Aylward*, 2015 U.S. Dist. LEXIS 166325, at *2 (N.D. Miss. December 11, 2015) ("[T]he absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court.").

<u>Plaintiff's failure to adequately plead LLC membership citizenship</u>

10. Even if Plaintiff established that Plaintiff is an LLC and that Ryan Peterson was the sole member of that LLC, Plaintiff failed to adequately plead Mr. Peterson's citizenship. "A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely." *Hernandez v. Hains*, 2022 U.S. Dist. LEXIS 126486, at *4 (N.D. Tex. July 18, 2022). *Plaintiff's Original Complaint* (Dkt. 1) is devoid of any citizenship averment for any individual.

<u>Plaintiff chooses to stand on a jurisdictionally inadequate Complaint</u>

11. Lottery.com's Motion to Dismiss (Dkt. 13) raised the fatal jurisdictional insufficiency of *Plaintiff's Original Complaint* (Dkt. 1). Instead of conceding error and seeking leave to cure any deficiency that could be cured by redrafting truthful allegations – Plaintiff boldly stands on *Plaintiff's Original Complaint* (Dkt. 1) – claiming it is sanctionable for Lottery.com to even raise these fatal jurisdictional defects. *See* Plaintiff's Response (Dkt. 15), at p. 3-4. Therefore, the die is cast and the Court should refuse to gratuitously offer Plaintiff any leave to amend. *See Khoury v. Thota*, 2021 U.S. App. LEXIS 26402, at *11 2021 WL 3919248 (5th Cir. 2021) (Appellant claimed that the district court's failure to grant leave to amend constituted abuse of discretion. "This argument is unavailing… upon receiving the Defendants' Motion to Dismiss, [Appellant] had the opportunity to cure the defects in his complaint that the Defendants raised. Instead, he

chose to stand on his complaint and argued that it already satisfied the pleading requirements."); *Moore v. Luffey*, 767 F. App'x 335, 342 (3d Cir. 2019) (District Court did not "abuse its discretion in determining that [Plaintiff] chose to stand on his Second Amended Complaint and in denying him leave to supplement."); *Castillo v. Boston Sci. Corp.*, 2021 U.S. Dist. LEXIS 157272, at *4-5 (S.D. Tex. January 19, 2021):

> Instead of reviewing Defendant's initial motion to dismiss and availing of [the] opportunity to file an amended complaint as a matter of course, Plaintiff instead "chose to stand by [her] . . . Complaint and risk an adverse ruling from the district court… [Plaintiff's] counsel must have known that the district court could dismiss [her] suit…In short, Plaintiff was on notice of the possibility of dismissal with prejudice and strategically chose to defend her original complaint rather than file an amended complaint with additional facts.

<u>Lottery.com's Response on Sanctions</u>

12. Plaintiff asks the Court – in a Response – "to take judicial notice of sanctionable conduct by Defendant." Plaintiff's Response (Dkt. 15), at p. 3-4. Plaintiff does not request any specific sanction(s), and there is no mention of sanctions in Plaintiff's proposed order (Dkt. 15-1). Nevertheless, Lottery.com responds – to avoid a finding of no opposition under Local Rule CV-7(d)(2) – to Plaintiff's request for judicial notice of "evident" wrongdoing (including "stall tactics," frivolous and improper filing for improper purposes, such as to harass, cause unnecessary delay, and needlessly increase the cost of litigation).

13. Plaintiff's request for sanctions is improper and should be denied. *See Vaughn v. FTS Int'l Servs., LLC*, 2016 U.S. Dist. LEXIS 186720, at *6 (W.D. Tex. October 12, 2016):

> the Court declines to impose sanctions in favor of Defendant under Fed. R. Civ. P. 11(b) because Defendant has failed to follow the procedures set forth in Rule 11 in moving for those sanctions. Rule 11(c)(2) requires that the motion for sanctions "must be made separately from any other motion[,]" but Defendant has embedded its sanctions request within its Response to Plaintiffs remand motion. Docket no. 4 at 7. Furthermore, Rule 11(c)(2) imposes a "safe harbor" provision that requires that the motion for sanctions not be filed until at least 21 days after it is served upon the party against whom sanctions are sought. Fed. R. Civ. P. 11(c)(2), advisory committee's note to 1993 amendment. However, the record shows that Defendant's embedded sanctions request was served upon Plaintiff on the same day that it was filed with the Court. Docket no. 4 at 9. The Fifth Circuit has

held that "strict compliance" with Rule 11, including its safe harbor provision, is mandatory. *In re Pratt*, 524 F.3d 580, 586-88 (5th Cir. 2008). Accordingly, the Court finds that Defendant's request for sanctions should be denied.

*See also, Omega Sports v. Sunkyong America*, 872 F. Supp. 201, 203 (E.D. Pa. 1995) ("Omega has included a request for Rule 11 sanctions along with its motion to remand. Since Omega itself has failed to comply with Rule 11 in seeking these sanctions, however, its request will be denied… Rule 11 requires that a motion for sanctions be made by a separate motion and that it be served 21 days before it is filed with the court… Omega has failed to comply with these steps, and as a result, any award of sanctions in its favor would be unwarranted."); *See Robinson v. Wings of Alpharetta, Inc.*, 305 F.R.D. 695, 700 (N.D. Ga. 2011) (Denying request for sanctions "improperly contained within [] response brief"); *Meier v. Green*, 2007 U.S. Dist. LEXIS 46836, at *18(E.D. Mich. June 28, 2007) (Citation omitted) ("Plaintiff's counter-motion for sanctions improperly contained within his response to Defendant's motion for sanctions and motion for protective order, is DENIED.").

14. Any sanctions sought by Plaintiff's Response must denied for failing to comply with Fed. R. Civ. P. 11(2):

- A calendar establishes that Plaintiff failed to provide Lottery.com the requisite 21-day notice before filing a Rule 11 motion.
    - Motion to Dismiss (Dkt. 13): filed December 24, 2023,
    - Response to Motion to Dismiss: filed January 2, 2024.

Taking judicial notice of the Court's docket in this Case and the 2023 & 2024 calendars,[1] the Court can confirm that the time between the filing of the Motion to Dismiss and Plaintiff's Response (containing a request for sanctions) is nine days.

15. Plaintiff faults Lottery.com for failing to confer on its Motion to Dismiss. *See* Plaintiff's

---

[1] Both matters of judicial notice. *See Jenkins v. Orkin Exterminating Co., Inc.*, 646 F. Supp. 1274, 1276 (E.D. Tex. 1986) (Taking judicial notice of 1981 calendar); *Canadian Real Estate Holdings, LP v. Karen F. Newton Revocable Trust*, 2022 U.S. Dist. LEXIS 58590, at *3, n.1 (E.D. Tex. March 30, 2022) (Citing cases) (Taking judicial notice of its own docket).

Response (Dkt. 15), at p. ("a conference prior to its Motion would have fully cleared this issue.").[2] But Lottery.com is not required to confer on dispositive motions. *See* Local Rule CV-7(g). However, Plaintiff is required to confer on a motion for sanctions. *Id.* Plaintiff's request for sanctions should be denied for its failure to follow this Rule. *See Hunt Constr. Grp., Inc. v. Cobb Mech. Contractors, Inc.*, 2018 U.S. Dist. LEXIS 179776, at *3 (W.D. Tex. Oct. 19, 2018) ("[T]he failure to include a certificate of conference is reason alone to deny the motion.").

16. Last, Plaintiff's request for judicial notice of "sanctionable conduct" under Fed. R. Civ. P. 11 should be denied because Lottery.com's Motion to Dismiss (Dkt. 13) is correct on the facts and the law. *See* supra. The Motion to Dismiss is so meritorious, that Plaintiff needed to misrepresent the content of its own Complaint 4x to have any argument in opposition to dismissal.[3]

---

[2] Adequately averring the Citizenship of the sole Plaintiff in this Case would have "cleared the issue." Especially since pleading citizenship for purposes of diversity jurisdiction is a matter that Plaintiff's counsel is obligated to insure. *Humphrey v. Francie Co., L.P.*, 2014 U.S. Dist. LEXIS 62319, at *3-5 (W.D. Wis. May 6, 2014) (Citations omitted) (Emphasis added):

> Finally, the number of cases with basic defects in pleading citizenship for purposes of diversity jurisdiction that this court has had to identify sua sponte seems to continue unabated, particularly when one of the parties is an unincorporated legal entity. To have respected local firms commit these errors repeatedly in the same case is frankly disheartening, **especially after defects had been pointed out** multiple times by previous orders of this court.
>
> **Identifying these defects is not just this court's job; it is part of counsel's obligation under Rule 11 in filing pleadings.** Moreover, the court would think the very real risk of dismissal on appeal after entry of judgment on the merits would be enough incentive for parties and their counsel to get the jurisdictional facts right the first time…
>
> While monetary sanctions are justified at this stage, the court will instead require that this order and its earlier jurisdictional orders in this case as well as the parties' intervening stipulation and cover letter, be read by all attorneys in both parties' firms who appear in the Western District of Wisconsin and that their respective managing partners notify the clerk of court in writing when this has been accomplished.

[3] Plaintiff said four times in its Response (Dkt. 15) that its Complaint pleaded LLC "Membership." But a word search quickly confirms that *Plaintiff's Original Complaint* (Dkt. 1) does not contain such an allegation.

<u>Conclusion</u>

The Court must dismiss this Case because *Plaintiff's Original Complaint* (Dkt. 1) fails to establish subject matter jurisdiction. Plaintiff's motion for sanctions must be denied because of its lack of substantive and procedural merit.

Local Court Rule CV-10(b) Required Information:

Signature:_____
ANDREW R. KORN
State Bar card number: 11683150
Mailing address:
    Andrew R. Korn, PLLC
    4221 Avondale Avenue
    Dallas, Texas 75219
E-mail address: akorn@receiverandrewkorn.com
Telephone number: (214) 521-0500
Attorney for Lottery.com