cIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YES PERIOD, LLC *d/b/a* SERENITY SOFTWARE, § § § | | |
| Plaintiff, § § | | |
| v. § | | 1:23-CV-616-RP |
| § | | |
| LOTTERY.COM, INC. *d/b/a* Sports.com, Inc. *d/b/a* AutoLotto.com, Inc., § § § | | |
| Defendant. § § | | |

## ORDER

Before the Court is Plaintiff Yes Period, LLC's ("Plaintiff") response to this Court's show cause order, (Dkt. 26). (Dkt. 27). Also before the Court are Plaintiff's motions for leave to file a second amended complaint, (Dkts. 28, 31). Defendant Lottery.com, Inc. ("Defendant") filed responses in opposition to the motions, (Dkts. 29, 32), and Plaintiff filed a reply, (Dkt. 30). Having considered the parties' briefs, the record, and the relevant law, the Court issues the following order.

## I. BACKGROUND

Plaintiff filed its original complaint in this action on June 1, 2023. (Dkt. 1). After initially filing an insufficient "acknowledgement of service," (Dkt. 7), on August 30, 2023, Plaintiff returned a waiver of service, indicating that Defendant had waived service and that the parties had agreed that Defendant's answer would be due July 27, 2023. (Dkt. 10). Because Defendant had not yet appeared, on December 8, 2023, Plaintiff filed a motion for Clerk's entry of default, (Dkt. 11), and the Clerk of Court entered an entry of default against Defendant on December 11, 2023, (Dkt. 12).

Two weeks later, Defendant appeared in this action, filing a motion to dismiss for lack of jurisdiction. (Dkt. 13). After the motion to dismiss was fully briefed, on January 5, 2024, Plaintiff filed its first amended complaint. (Dkt. 20). Accordingly, on January 9, 2024, this Court issued an

1

order mooting Defendant's motion to dismiss. (Dkt. 22). This case then sat dormant for over five months. Accordingly, on June 25, 2024, the Court issued an order, ordering Defendant to file a motion to set aside the default in the case since it had made an appearance in this case and because Defendant had successfully set aside the default in the three other cases on this Court's docket between Defendant and other plaintiffs represented by Plaintiff's counsel.[1]

Two days later, the parties filed a joint stipulation, signed by both parties, stating that they had come to an agreement on how this case should proceed. (Dkt. 24). The parties agreed that the Clerk's entry of default, (Dkt. 12), should be vacated and set aside. The parties also agreed that Plaintiffs would file a second amended complaint within 35 days of the day that the Court issued an order on the stipulation. Then, the parties agreed that Defendant would respond to the second amended complaint within 21 days of the day that Plaintiff files the second amended complaint. (Dkt. 24). On July 1, 2024, the Court adopted the stipulation as its own order. (Dkt. 25). Under the Court's order, Plaintiff's second amended complaint was due by August 5, 2024. However, Plaintiff did not file its second amended complaint by this deadline, and two more months passed without any activity on the docket.

Accordingly, on September 9, 2024, the Court issued a show cause order to Plaintiff. (Dkt. 26). The Court stated that Plaintiff had not complied with the Court's July 1, 2024 Order and ordered Plaintiff to "show cause, in the form of a written submission to the Court, as to why the Court should not dismiss this case." (*Id.*). The Court warned Plaintiff that "it may dismiss [this] action for failure to prosecute unless Plaintiff can show cause why the case should not be dismissed." (*Id.*).

---

[1] *Peterson v. Lottery.com*, No. 23-cv-646-RP (W.D. Tex. filed June 8, 2023); *Marsh v. Lottery.com, Inc.*, No. 23-cv-880-RP (W.D. Tex. July 27, 2023); *Wells v. Lottery.com, Inc.*, No. 23-cv-1081-RP (W.D. Tex. filed Sept. 11, 2023).

2

On September 13, 2024, Plaintiff filed its response to the show cause order. (Dkt. 27). Plaintiff stated that it "failed to file the Second Amended Complaint in err after it filed the Second Amended Complaint for the [*Peterson*] case." (*Id.*). Plaintiff attached its second amended complaint to its response and proceeded to argue why the Court should give Plaintiff leave to file the amended complaint a month and eight days after the deadline. Plaintiff stated that it could establish good cause and excusable neglect for the failure to comply with the Court's order because (1) Plaintiff's failure to file the complaint "was an oversight"; (2) the second amended complaint is important because it narrows the claims Plaintiff wishes to bring in this action; and (3) there is no prejudice to Defendant because Defendant could still file a responsive pleading and a "one-month delay will not have a potential impact on the judicial proceedings." (*Id.*).

On the same day, Plaintiff also filed a two-page motion for leave to file its second amended complaint. (Dkt. 28). This motion repeated some of the arguments that Plaintiff had made in its response to the show cause order but made no mention as to why Plaintiff had failed to file its complaint by the Court's deadline. Instead, Plaintiff requested that the Court vacate the show cause order, allow the Clerk of the Court to file the second amended complaint, order Defendant to respond to the amended complaint, and order the parties to submit a proposed scheduling order. (*Id.*). Defendant opposes Plaintiff's motion for several reasons, including that Plaintiff has not shown excusable neglect for its failure to file its complaint by the deadline. (Dkt. 29).

Plaintiff then filed a reply, in which Plaintiff again did not address why it missed the Court's deadline. (*See* Dkt. 30). Plaintiff did not rebut any of Defendant's arguments as to why it should not be granted leave to file its amended complaint. Instead, Plaintiff used its reply brief to inform the Court that it was conferring with Defendant about the possibility of consolidating this case with the *Peterson* case. Plaintiff stated that it would file a status report within ten days as to whether it would seek consolidation. (*Id.*).

3

Thirteen days later—three days after Plaintiff's own deadline—Plaintiff filed a renewed motion for leave to file its second amended complaint. (Dkt. 31). This motion informed the Court that the parties could not agree on consolidating the two actions. Plaintiff then proceeded to repeat its previously stated arguments for why there is good cause to allow it leave to file its amended complaint. Yet again, however, Plaintiff failed to explain why it failed to timely comply with the Court's deadline. (*See id.*). Defendant filed another response in opposition, arguing that Plaintiff had again failed to demonstrate good cause. (Dkt. 32).

## II. LEGAL STANDARDS

### A. Leave to Amend and Extension of Time

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). But leave to amend "is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). A district court may deny leave to amend if it has a "substantial reason" to do so. *Lyn–Lea Travel Corp.*, 283 F.3d at 286. Permissible reasons for denying a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 591 (5th Cir. 2016).

In addition, a "[p]laintiff bears the burden of showing that delay [in seeking leave to amend] was due to oversight, inadvertence or excusable neglect." *United States ex rel. Lin v. Mayfield*, 773 F. App'x 789, 791 (5th Cir. 2019) (quoting *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999)). Rule

4

6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." "A party seeking to establish the existence of excusable neglect is required to plead and prove such a position." *Whittlesey v. Weyerhauser Co.*, 640 F.2d 739, 742 (5th Cir. 1981). To evaluate excusable neglect, the court considers "all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010).

### B. Failure to Prosecute

Federal courts have the authority to dismiss a complaint for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962); Fed. R. Civ. P. 41(b) (permitting a court to dismiss an action if the plaintiff "fails to prosecute or to comply with . . . a court order"). Dismissal with prejudice is appropriate if there is a "clear record of delay or contumacious conduct by the plaintiff" and if "lesser sanctions would not serve the best interests of justice." *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (internal quotation marks and citation omitted). "A district court may dismiss *sua sponte*, with or without notice to the parties." *Rogers v. Kroger Co.*, 669 F.2d 317, 319 (5th Cir. 1982).

## III. DISCUSSION

### A. Motion for Leave to File Second Amended Complaint

To begin, the Court finds that Plaintiff's motions for leave to file its second amended complaint should be denied. Plaintiff has not borne its burden of establishing excusable neglect for missing the Court's—and Plaintiff's own requested—deadline for filing its second amended complaint. In its response to the show cause order, Plaintiff, *in toto*, said that its failure to meet the Court's deadline was done "in err" and that the failure was an "oversight." (Dkt. 26). However, nowhere in the response to the show cause order or across Plaintiff's two motions for leave or its reply brief, did Plaintiff explain what the oversight or error was. Plaintiff does not explain what caused Plaintiff to miss this deadline and what steps Plaintiff would take to correct its mistakes or to ensure that it would not miss another deadline moving forward. Nor did Plaintiff express remorse for failing to comply with the Court's order. Plaintiff's failure to comply with the deadline is even more confounding given that the deadline stemmed from Plaintiff's own stipulation and Plaintiff did meet the deadline to file an amended complaint in the related *Peterson* case. It is unclear to the Court how long Plaintiff would have gone without filing its second amended complaint if the Court had not prompted it to do so. Through its many pleadings it filed in the last two months, Plaintiff has had many opportunities to provide the Court with an explanation for its failure to comply with the Court's deadline and has failed to do so. Therefore, Plaintiff has not made the required showing of excusable neglect.

Further, the Court finds that amendment should be denied due to undue delay and undue prejudice to Defendant. Plaintiff argues that its delay in filing the complaint will not prejudice Defendant because Defendant still can file a responsive pleading, and the Court can enter a scheduling order without the need for a continuance. (*See* Dkt. 31). Plaintiff argues that its failure to meet the Court's deadline only resulted in a "one-month delay" which "will not have a potential

6

impact on the judicial proceedings." (Dkt. 27, at 3). What Plaintiff fails to mention, however, is how long this case has been on the Court's docket and how Plaintiff's delay is just the latest in a string of delays that has slowed this case. Despite Plaintiff filing this case over a year-and-a-half ago, this case has barely progressed. Indeed, the Court warned the parties about how the "case has been stalled for over five months with no signs of progression" in its June 25, 2024 Order. (Dkt. 23). Despite this warning, Plaintiff still failed to progress this litigation until the Court issued its show cause order. To allow Plaintiff to file its amended complaint now would unduly delay this case another three months and prejudice Defendant's ability to defend itself in a timely manner.

By offering minimal insight into why it missed the Court's deadline, Plaintiff has failed to establish excusable neglect for its actions. Allowing Plaintiff to file its second amended complaint at this late hour would also cause undue delay and undue prejudice to Defendant. Accordingly, an extension of time is not warranted under Rule 6(b) and amendment is not warranted under Rule 15(a). The Court denies Plaintiff's motions for leave to file its second amended complaint.

### B. Failure to Prosecute and Failure to Comply

Having denied Plaintiff leave to file its second amended complaint, the Court considers the appropriate next step in this litigation. The impetus for Plaintiff's motion for leave was the Court's show cause order: The Court ordered Plaintiff to show cause "as to why the Court should not dismiss this case" in light of Plaintiff's failure to file its second amended complaint on time. (Dkt. 26). However, as mentioned above, Plaintiff did not adequately explain why it missed the Court's deadline. In other words, not only did Plaintiff fail to establish excusable neglect under Rules 6 and 15, Plaintiff also did not sufficiently show cause as to why it failed to comply with the Court's Order and why this case should not be dismissed.

Plaintiff has shown a history of failing to timely prosecute this case. Plaintiff first allowed this case to sit idly for three months between August 2023 and December 2023 after Plaintiff filed

7

its waiver of service. Then, Plaintiff allowed this case to stall again for five months between January 2024 and June 2024 before the Court prompted the parties to progress this litigation. Now, Plaintiff has once more delayed this litigation by an additional three months by failing to file its second amended complaint in a timely manner. For a second time, the only reason that Plaintiff has reengaged in this litigation is at the Court's prompting.

Further, this is not the first instance in which Plaintiff's counsel has failed to comply with Court orders or the rules of procedure. At the beginning of this litigation, Plaintiff's counsel filed an "acknowledgement of service" that was insufficient to constitute an executed waiver of service under Federal Rule of Civil Procedure 4. (*See* Dkt. 7; Order, Dkt. 9). In January 2024, Plaintiff also filed a sur-response to Defendant's motion to dismiss without first seeking leave of the Court, in violation of Local Rule CV-7(e)(1). (*See* Dkt. 18; Order, Dkt. 22). In filing its response to the Court's show cause order, Plaintiff improperly included its motion for leave to file a second amended complaint as part of the same filing, in violation of the Western District's Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases § 12(e). (*See* Dkt. 27; Deficiency Not. dated Sept. 13, 2024). Last, the Court is aware that Plaintiff's counsel has repeatedly failed to comply with the Local Rules and the Court's instructions in at least one of the related cases. *See, e.g.*, Report and Recommendation, at 1–5, *Marsh v. Lottery.com*; 1:23-cv-880-RP, ECF No. 48.

Given that Plaintiff has failed to adequately respond to the Court's show cause order, has failed to meaningfully progress this case, and has repeatedly failed to comply with Court orders and the rules of procedure, the Court finds that there is a clear record of inaction and noncompliance that justifies dismissing this action for failure to comply with Court orders and want of prosecution. As such, the Court will dismiss Plaintiff's complaint without prejudice.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's motions for leave to file its second amended complaint, (Dkts. 28, 31), are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims in this case are **DISMISSED WITHOUT PREJUDICE**.

The Court will enter final judgment by separate order.

**SIGNED** on November 18, 2024.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE