IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YES PERIOD, LLC *d/b/a* SERENITY SOFTWARE, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 1:23-CV-616-RP |
| LOTTERY.COM, INC. *d/b/a* Sports.com, Inc. *d/b/a* AutoLotto.com, Inc., | | |
| Defendant. | | |

**<u>ORDER</u>**

Before the Court is Plaintiff Yes Period, LLC ("Plaintiff") and Defendant Lottery.com, Inc.'s ("Defendant") motions for reconsideration, (Dkts. 38, 40), and the parties' responsive briefing, (Dkts. 39, 41, 42).

On November 18, 2024, the Court issued an order resolving the claims in this case. (Dkt. 36). First, the Court denied Plaintiff's motion for leave to file its second amended complaint. The Court found that Plaintiff had not established excusable neglect for missing the Court's—and Plaintiff's own requested—deadline for filing its second amended complaint. The Court also found that amendment should be denied due to undue delay and undue prejudice to Defendant. (*Id.* at 6–7). The Court next addressed Plaintiff's response to the Court's show cause order, in which the Court ordered Plaintiff to show cause as to why its case should not be dismissed in light of Plaintiff's failure to file its second amended complaint on time. The Court found that Plaintiff had not adequately explained why it missed the Court's deadline. The Court also recounted the ways in which Plaintiff had failed to timely prosecute this case and how Plaintiff had failed to comply with this Court's orders throughout this litigation and other related cases. The Court concluded that

1

Plaintiff's claims should be dismissed without prejudice in light of Plaintiff's history of inaction and noncompliance. (*Id.* at 7–8). The Court entered final judgment the same day. (Dkt. 37).

Both parties now move for reconsideration of the Court's November 18, 2024 Order. Plaintiff requests that the Court reverse and vacate its Order dismissing its claims without prejudice. (Dkt. 38). Plaintiff argues that the Court's Order was the result of manifest error of law and facts and will result in manifest injustice. Plaintiff disputes several of the Court's findings as to how Plaintiff unduly delayed the progression of this case—arguing that the Court should have considered the ways in which Defendant delayed this case. Plaintiff also takes issue with the Court's excusable neglect and failure to prosecute analysis. Plaintiff notes that it is likely to refile its complaint in a new suit, which would result in more prejudice to Defendant than simply allowing this case to proceed. (*Id.* at 8–9, 13–14).

Defendant opposes Plaintiff's request to reinstate this case, (Dkt. 39), and filed its own motion for reconsideration. (Dkt. 40). Defendant not only defends the Court's decision to dismiss Plaintiff's complaint *without* prejudice but also argues that the Court should amend the final judgment to dismiss Plaintiff's claims *with* prejudice. Defendant contends that dismissal with prejudice is warranted because no other relief will deter Plaintiff from committing the same misconduct in a future case, if Plaintiff refiles its complaint. (*See id.* at 3). Plaintiff opposes Defendant's motion for reconsideration, (Dkt. 41), and Defendant replied, (Dkt. 42).

Because both motions for reconsideration were filed within 28 days after entry of the Final Judgment, the Court considers them under Federal Rule of Civil Procedure 59(e). Rule 59(e) permits parties to petition the Court to "alter or amend a judgment" up to 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). "A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HyrdoChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Altering, amending, or reconsidering a judgment under

2

Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Id.* at 479 (5th Cir. 2004). Indeed, the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Bolton v. United States*, 946 F.3d 256, 262 (5th Cir. 2019) (internal quotation omitted). Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Last, a Rule 59(e) motion can be granted if necessary to prevent manifest injustice. Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2810.1 (3d. ed.).

The Court does not find that the final judgment should be vacated or modified on account of either motion for reconsideration. Starting with Plaintiff's request to allow its case to proceed, Plaintiff has not carried its burden of demonstrating that it is entitled to relief under Rule 59. Plaintiff's arguments could have been raised in its response to the Court's show cause order or in its briefing on its motion for leave to file an amended complaint. The Fifth Circuit has explained that Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.*

The Court is also not persuaded that its decision to deny Plaintiff leave to file its second amended complaint out of time and instead dismiss Plaintiff's complaint without prejudice was the result of manifest error or would result in manifest injustice. It is true that Defendant contributed to some of the delays in this case. For example, in its January 9, 2024 Order, the Court told Defendant that it had to move to set aside the Clerk's entry of default before it can file another pleading, (Order, Dkt. 22), but Defendant did not do so until it was prompted by the Court in June 2024, (*see* Dkts. 23, 24). Nonetheless, Defendant's failure to timely move to set aside the default does not

3

excuse Plaintiff's delay in allowing this case to sit idle during this time or at other times in the litigation. At the end of the day, plaintiffs are responsible for prosecuting their own cases. Plaintiff was the one who chose to set this case in motion by filing its case in this Court. It failed to timely prosecute its claims and failed to comply with Court directives, as the Court explained in its previous order.

Plaintiff argues that it would be more judicially efficient to allow its claims to proceed in this action, rather than forcing Plaintiff to re-litigate in a newly filed action. Whether or not Plaintiff chooses to re-file its claims is its prerogative. Either way, this Court has a responsibility to ensure that the cases before it are timely prosecuted and do not improperly consume court resources. Because Plaintiff has improperly litigated its claims in this action, the Court had the authority to dismiss its complaint for failure to prosecute and failure to comply with Court orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962); Fed. R. Civ. P. 41(b). Nothing in its motion for reconsideration persuades the Court to change its prior analysis that dismissal without prejudice is an appropriate sanction for Plaintiff's behavior. As such, Plaintiff's motion for reconsideration is denied.

However, the Court also disagrees with Defendant that dismissal with prejudice is warranted. Dismissals with prejudice are appropriate "upon a clear record of delay or contumacious conduct by the plaintiff, and where lesser sanctions would not serve the best interest of justice." *See Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (cleaned up). The Fifth Circuit will affirm dismissals with prejudice if at least one of three aggravating factors are present: (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, (2) the degree of actual prejudice to the defendant, and (3) whether the delay was the result of intentional conduct. *See Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006); *see also Rogers*, 669 F.2d at 320 (same). Here, while there has been a record of delay and noncompliance that warrants dismissal of

4

the complaint, that record is not so "contumacious" that dismissal with prejudice is deserved. None of the above aggravating factors are present: (1) Plaintiff's delay has been caused by its counsel's conduct, not Plaintiff itself; (2) Defendant has not shown that it has been prejudiced in any serious, actual manner by Plaintiff's actions; and (3) there is no evidence that Plaintiff's actions were intentional. Further, the Court finds that the lesser sanction of dismissal without prejudice will suffice to deter Plaintiff from improper conduct in the future if Plaintiff chooses to refile its claims in another action. Accordingly, the Court also denies Defendant's motion for reconsideration.

For these reasons, **IT IS ORDERED** that Plaintiff and Defendant's motions for reconsideration, (Dkts. 38, 40), are **DENIED**. Plaintiff's claims remain dismissed without prejudice.

**SIGNED** on April 9, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE